# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER PISANCHYN, | |
| Plaintiff, | NO. 3:18-CV-01215 |
| v. | (JUDGE CAPUTO) |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM

Presently before me is the Motion to Remand (Doc. 5) filed by Plaintiff Christopher Pisanchyn ("Plaintiff"). Plaintiff commended this action for underinsured motorist benefits against his insurer, Defendant Progressive Direct Insurance Company ("Defendant"), in the Court of Common Pleas of Lackawanna County, Pennsylvania. Defendant removed the case to this Court. Plaintiff now requests that the action be remanded to state court. Remand, says Plaintiff, is required because: (1) the parties are not diverse; and/or (2) a forum selection clause in the insurance policy waived Defendant's right to remove. Because diversity jurisdiction over the action exists and Defendant did not waive its right to remove under the forum selection clause, Plaintiff's motion to remand will be denied.

## I. Background

On December 8, 2016, Plaintiff filed a Praecipe for Writ of Summons in the Court of Common Pleas of Lackawanna County, Pennsylvania. (*See* Doc. 1, Ex. "A"). Plaintiff filed his two-Count Complaint against Defendant for breach of contract and bad faith on May 18, 2018. (*See id.* at Ex. "E").

Defendant removed the action to this Court on June 15, 2018. (*See* Doc. 1, *generally*). Defendant contends that jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 because it is an Ohio corporation with its principal place of business in

Ohio, Plaintiff is a citizen of Pennsylvania, and the amount in controversy exceeds $75,000.00. (*See id*. at ¶¶ 8, 10, 16).

Plaintiff moved to remand the action to state court on June 26, 2018. (*See* Doc. 5, *generally*). According to Plaintiff, the parties are not diverse because, as this is a "direct action" against his insurer, Defendant is "deemed a citizen of Pennsylvania." (*Id*. at ¶¶ 10, 12). Plaintiff further argues that the Defendant waived the right to remove based on a forum selection clause in the applicable insurance policy. (*See id*. at ¶ 21). That clause provides: "[a]ny action brought against us pursuant to coverage under Part III - Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, or in the United States District Court serving that county." (*Id*. at Ex. "A").

Defendant timely opposed the motion to remand, (*see* Doc. 7, *generally*), to which Plaintiff filed a reply. (*See* Doc. 8, *generally*). The motion to remand is thus fully briefed and ripe for disposition.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citation omitted). Removal statutes are to be strictly construed against removal, and all doubts are resolved in favor of remand. *See A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted).

## III. Discussion

Plaintiff seeks to have the matter remanded to state court on the grounds that (1) the parties are not diverse in light of 28 U.S.C. § 1332(c)(1)(A), and/or (2) Defendant

waived its right to remove.

**A.     Diversity.**

Plaintiff first argues that the parties are not diverse by virtue of 28 U.S.C. § 1332(c)(1)(A). More particularly, Plaintiff claims that since this is a direct action against the insurer and the insured, *i.e.*, himself, is not named as a party-defendant, Defendant should be deemed a Pennsylvania citizen. This argument is without merit.

Section 1332(c)(1) provides:

> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance*, whether incorporated or unincorporated, *to which action the insured is not joined as a party-defendant*, such insurer shall be deemed a citizen of--
>
> (A) every State and foreign state of which the insured is a citizen;
>
> (B) every State and foreign state by which the insurer has been incorporated; and
>
> (C) the State or foreign state where the insurer has its principal place of business; and . . .

28 U.S.C. § 1332(c)(1) (emphasis added). While "[t]he term 'direct action' is not defined in the relevant statute . . . every circuit to have considered this issue has held that a 'direct action' in § 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct." *Elliott v. American States Ins. Co.*, 883 F.3d 384, 394-95 (4th Cir. 2018) (citations omitted) ("We now join our sister circuits and hold that 'direct action' in § 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct."). This includes the Third Circuit, which has held that "'a direct action, as that term is used in § 1332(c), does not exist unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, and *it does not include suits by an*

3

*insured against his or her own insurer.*'" *Brooks-McCollum v. State Farm Ins. Co.*, 321 F. App'x 205, 208 (3d Cir. 2009) (emphasis added) (quoting *McGlinchey v. Hartford Accident & Indem. Co.*, 866 F.2d 651, 653 (3d Cir.1989)); *see also Myers v. State Farm Ins. Co.*, 842 F.2d at 707, *abrogated on other grounds by Brennan v. Gen. Accident Fire and Life Assurance Corp.*, 574 A.2d 580 (Pa. 1990) (finding that a suit between an insured, as an injured party, and an insurer is not a "direct action" as contemplated by 28 U.S.C. § 1332(c)(1) because the insurer's status is not that of a "payor of a judgment based on the negligence of one of its insureds"); *Allison v. State Farm Mut. Auto. Ins. Co.*, No. 17-2742, 2017 WL 3225992, at *1-2 (E.D. Pa. July 31, 2017) (insured's claim for underinsured motorist benefits against its insurer was not a "direct action" under § 1332(c)); *State Farm Ins. Co. v. Evans*, 712 F. Supp. 57, 59 (E.D. Pa. 1989) ("actions by an insured against his own insurer under the uninsured motorist provisions of the policy . . . have been held not to constitute direct actions within the proviso of § 1332(c).").[1]

Accordingly, this is not a "direct action" under § 1332(c)(1). Thus, as Plaintiff is a Pennsylvania citizen, Defendant is a citizen of Ohio, and it is undisputed that the amount in controversy exceeds $75,000.00, jurisdiction over this action exists pursuant to 28 U.S.C. § 1332(a)(1). Removal was proper under 28 U.S.C. § 1441.

**B.    Waiver of Right to Remove.**

Plaintiff also contends that Defendant waived its right to remove this action by way of the forum selection clause in the applicable insurance policy. As stated, that provision provides that "[a]ny action brought against [Defendant] pursuant to coverage

---

[1] In his reply, Plaintiff acknowledges that courts have concluded that lawsuits brought by an insured against his own insurer is not a "direct action" under § 1332(c)(1), but he asks that these decisions, including those of the Third Circuit, be reconsidered. (*See* Doc. 8, 2). Of course, though, "[i]t is axiomatic that a district court is bound to apply its appellate court's precedent." *A.A. ex rel. E.A. v. Exeter Twp. Sch. Dist.*, 485 F. Supp. 2d 587, 591 (E.D. Pa. 2007) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984))

under Part III - Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, or in the United States District Court serving that county." (Doc. 5, Ex. "A").

Contractual waivers of a defendant's right to remove are valid and enforceable if reasonable. *See Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217-19 & n.15 (3d Cir. 1991). *Foster* instructs that "[a] court simply should determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." *Id*. The *Foster* court determined that the following contractual language constituted a waiver of the defendant's removal right:

> In the event the [defendant] is not domiciled in the United States of America, and the [defendant] fails to pay any amount claimed to be due hereunder, the [defendant], at the request of the [plaintiff], will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction; and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

*Id*. at 1216. The court reasoned that "by consenting to '*submit*' to '*any court*' of competent jurisdiction '*at the request of the Company*,' and to comply with all requirements necessary to give '*such court*' jurisdiction, [the defendant] agreed to go to, and stay in, the forum chosen by [the plaintiff]." *Id*. at 1216-17 (emphasis in original).

The United States District Court for the Western District of Pennsylvania previously rejected the argument that the defendant waived its right to remove pursuant to a forum selection clause identical to the one in the matter *sub judice*. *See Smith v. Progressive Specialty Ins. Co.*, No. 15-528, 2015 WL 3457903, at *1 (W.D. Pa. May 29, 2015). In denying the plaintiff's motion to remand, the *Smith* court contrasted the forum selection clause at issue from the policy provision in *Foster*:

> [T]he policy does not state that Progressive contracted to "submit" to the jurisdiction chosen by Plaintiff. It also does not indicate that Progressive consented to litigate this matter

5

> in "any court" at the request of Plaintiff. And it does not include any agreement for Progressive to comply with certain requirements necessary to give a particular court jurisdiction. Rather, it provides that a suit may be brought in the county in which the person seeking benefits resides (*i.e.*, Allegheny County) or in the United States District Court serving that county (*i.e.*, the Western District of Pennsylvania). Progressive meets the jurisdictional requirements to invoke this Court's diversity jurisdiction, and therefore, the Court has no basis to remand this action in the absence of a valid contractual waiver.

*Id*.

A forum selection clause similar to that in *Smith* and here was found not to waive the defendant's right to remove in *Schutte v. GEICO Cas. Co.*, No. 16-374, 2016 WL 9415198, at *1-2 (W.D. Pa. May 10, 2016). The forum selection there provided that "the dispute shall be resolved in a court of competent jurisdiction in the county or federal district where the insured resided at the time of the accident." *Id*. at *1. That clause did not constitute a removal waiver because no language was included that the insurer "at the request of plaintiff" agreed or consented to "submit" to "any court" of competent jurisdiction. *Id*. at *2. The policy language, as summarized by the court,

> does not state that Defendant agreed to submit to the jurisdiction chosen by Plaintiffs, nor could the operative language be reasonably construed to find that Defendant consented to litigate this matter "in any court," selected by Plaintiffs. Rather, the clear and unequivocal language of the policy provides that Plaintiffs may file suit in either federal or state court in which they reside. Plaintiffs have done so, and Defendants were well within their contractual rights to remove this dispute to this Court.

*Id*.

These decisions are persuasive. As the *Smith* court explained, the clause at issue simply provides that a suit may be brought in the county in which Plaintiff resides, *i.e.*, Lackawanna County, or the federal district court serving that county, *i.e.*, the Middle District of Pennsylvania. *See Smith*, 2015 WL 3457903, at *1. Nothing in this clause contractually binds Defendant to submit to the jurisdiction selected by Plaintiff, nor does it indicate that Defendant consented to litigate in Plaintiff's chosen

6

forum. *See id*. The policy provides that Plaintiff could file for underinsured motorist benefits in federal court or, as he did, in the state court in the county he resides. But once he filed in state court, Defendant was well within its contractual right to remove the action to this Court. And, given that the requirements for diversity jurisdiction are satisfied, there is no basis to remand the action to state court.

## IV. Conclusion

For the above stated reasons, Plaintiff's motion to remand the action to the Court of Common Pleas of Lackawanna County will be denied.

An appropriate order follows.

August 2, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge